**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 | FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3170**

WRITER'S INTERNET ADDRESS
**christayback@quinnemanuel.com**

March 14, 2021

<u>Via ECF</u>

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Reply to Government's Opposition to Testimony by Expert Jeffrey Rankin *United States v. Weigand, et al.*, 20 cr. 188

Dear Judge Rakoff:

We write respectfully on behalf of Defendant Hamid "Ray" Akhavan regarding the government's request to exclude testimony by defense expert Jeffrey Rankin.  As previously outlined in Mr. Akhavan's opposition to the government's motion *in limine* to preclude defense experts, Mr. Rankin offers relevant and reliable opinions that require specialized knowledge that will help the jury to understand the evidence and determine the issues.

The government claims testimony surrounding the details received by the *acquiring* bank about a merchant do not bear on the pertinent issue of what information an *issuing* bank received in connection with its decision to authorize a transaction, and evidence that the acquiring bank may have more information about the merchant than the issuing bank makes the testimony irrelevant and misleading.  It is the government, however, that has spent considerable time presenting evidence through cooperating witness Oliver Hargreaves and its two summary witnesses regarding the alleged falsity of onboarding documents submitted to the acquiring banks.  (*See, e.g.*, Tr. dated March 4, 2021 at 651; Tr. dated March 8, 2021 at 762-763, 772, 799, 814-816, 818-820, 824, 841- 842).

That alone warrants admission of this witness testimony to ensure the jury understands the limitations of the evidence the government has so emphasized in its trial presentation.  The defense is entitled to show that the "application packs" Hargreaves claims to have sent to acquiring banks had no bearing on an issuing bank's decision to authorize transactions since they have no visibility whatsoever into such information.  In this respect, the responsibilities of the different parties in the

quinn emanuel urquhart & sullivan, llp

NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

four-party system are particularly relevant to rebut the government's implication that allegedly false information provided to acquiring banks bears on the question of intent to deceive issuing banks.

Moreover, testimony concerning the creation and programming of MCCs and descriptors and the process for challenging the accuracy of them is directly relevant to rebutting the government's argument Mr. Akhavan intended to defraud the issuing banks, or was even capable of defrauding the issuing banks. The government has presented evidence regarding the application of allegedly falsified MCCs and descriptors. As a result, it is helpful for the jury to understand the process of how inaccurate MCCs and descriptors are dealt with within the credit card system. Mr. Rankin, who worked not only at Visa, but also in merchant services for an acquiring bank, will discuss how the network has a built-in dispute resolution process when miscoding, or mis-descripting, is identified. Namely, there is a system already in place to deal with such cases through the use of investigation, merchant termination and, sometimes, the assessment of non-compliance fees. However, these processes all occur after the fact, and the validity or accuracy of MCCs and descriptors is not a prerequisite for issuing banks to process customer transactions. It is critical that the jury understand this process when determining the ultimate issues of whether Mr. Akhavan intended to defraud the issuing banks and whether anything provided to the acquiring banks was capable of influencing a reasonable issuing bank.

Sincerely,

*[signature: Christoph Tayback]*

Christopher Tayback