

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 26, 2021

**BY ELECTRONIC MAIL**

The Honorable Jed S. Rakoff
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    ***United States* v. *James Patterson***
                **S4 20 Cr. 188 (JSR)**

Dear Judge Rakoff:

    The Government writes regarding an error in the cooperation agreement (the "Original Agreement") to which defendant James Patterson pled guilty on February 19, 2021, in the above-captioned case. The Original Agreement contains the following erroneous forfeiture-related provision: "The defendant consents to the entry of the Consent Order of Forfeiture annexed hereto as Exhibit A and agrees that the Consent Order of Forfeiture shall be final as to the defendant at the time it is ordered by the Court." While the defendant indeed admitted as part of the Original Agreement to "forfeit to the United States . . . a sum of money in United States currency, representing the amount of proceeds traceable to the commission [of Count One of the Information]," there was in fact no consent order of forfeiture attached as an exhibit to the Original Agreement, and thus no agreement between the parties as to any such order.

    A revised version of the Agreement (the "Revised Agreement"), in which the erroneous provision is crossed out and initialed by the parties, is attached here as Exhibit 1. The parties understand the Revised Agreement to be the operative agreement between the Government and the defendant. Because the Court appropriately allocated the defendant as to his admission to the forfeiture allegation with respect to Count One of the Information during the plea colloquy on

Letter to Honorable Jed S. Rakoff
February 26, 2021

February 19, 2021,[1] the parties agree that no further allocution on the Revised Agreement is required.

                              Respectfully submitted,

                              AUDREY STRAUSS
                              United States Attorney

By:    /s/
        Christopher DiMase / Emily Deininger /
        Nicholas Folly / Tara La Morte
        Assistant United States Attorneys
        (212) 637-2433 / -2472 / -1060 / -1041

cc:     Emily Schulman, Esq.

---

[1] *See* February 19, 2021 plea transcript at page 13, lines 23-25 (THE COURT: "As part of this agreement, you've also agreed to a forfeiture; is that correct?" THE DEFENDANT: "Yes, your Honor.").

2

# EXHIBIT 1



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 25, 2021

Emily Schulman, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Email: Emily.Schulman@wilmerhale.com

Re: *United States v. James Patterson*, S4 20 Cr. 188 (JSR)

Dear Ms. Schulman:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from James Patterson (the "defendant") to the above-referenced Superseding Information (the "Information").

Count One of the Information charges the defendant with conspiracy to commit bank fraud, from in or about 2016, up to and including in or about 2019, in violation of Title 18, United States Code, Section 1349. This charge carries a maximum a maximum term of imprisonment of 30 years; a maximum term of supervised release of five years; a maximum fine, pursuant to Title 18, United States Code, Section 3571 of the greatest of $1,000,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

It is further understood that the defendant shall make restitution in an amount to be specified by the Court in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664. This amount shall be paid according to a plan established by the Court.

The defendant hereby admits the forfeiture allegation with respect to Count One of the Information and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), a sum of money in United States currency, representing the amount of proceeds traceable to the commission of said offense (the "Money Judgment"). It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. ~~The defendant consents to the entry of the Consent Order of Forfeiture annexed hereto as Exhibit A and agrees that the Consent Order of Forfeiture shall be final as to the defendant at the time it is ordered by the Court.~~ *CJD* *JP*

It is understood that the defendant (a) shall truthfully and completely disclose all information with respect to the activities of himself and others concerning all matters about which this Office inquires of him, which information can be used for any purpose; (b) shall cooperate

fully with this Office, the Federal Bureau of Investigation, and any other law enforcement agency designated by this Office; (c) shall attend all meetings at which this Office requests his presence; (d) shall provide to this Office, upon request, any document, record, or other tangible evidence relating to matters about which this Office or any designated law enforcement agency inquires of him; (e) shall truthfully testify before the grand jury and at any trial and other court proceeding with respect to any matters about which this Office may request his testimony; (f) shall bring to this Office's attention all crimes which he has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness; and, (g) shall commit no further crimes whatsoever. Moreover, any assistance the defendant may provide to federal criminal investigators shall be pursuant to the specific instructions and control of this Office and designated investigators.

It is understood that this Office cannot, and does not, agree not to prosecute the defendant for criminal tax violations, if any. However, if the defendant fully complies with the understandings specified in this Agreement, no testimony or other information given by him (or any other information directly or indirectly derived therefrom) will be used against him in any criminal tax prosecution. Moreover, if the defendant fully complies with the understandings specified in this Agreement, he will not be further prosecuted criminally by this Office for any crimes, except for criminal tax violations, related to his participation in: (1) a scheme to defraud banks and credit card companies in the United States and elsewhere, thereby causing banks and credit card companies to process marijuana transactions over Eaze sales platforms that those banks and credit card companies would not have otherwise processed, between approximately 2016 and 2019, as charged in Count One of the Information; (2) facilitating the distribution of marijuana through the Eaze sales platform, between approximately 2016 and 2019; and (3) possession, for personal use, of cocaine on several occasions between approximately 2011 and 2014, MDMA on a single occasion in or about 2013 or 2014, and marijuana on numerous occasions between approximately 2016 and 2019, to the extent that he has disclosed such participation to this Office as of the date of this Agreement. It is understood that all of the uncharged conduct set forth above constitutes either relevant conduct, pursuant to United States Sentencing Guidelines ("U.S.S.G.") Section 1B1.3, or other conduct of the defendant, pursuant to U.S.S.G. § 1B1.4, that the Court may consider at the time of sentencing.

This Agreement does not provide any protection against prosecution for any crimes except as set forth above.

It is understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office. This Office will, however, bring the cooperation of the defendant to the attention of other prosecuting offices, if requested by him.

It is understood that the sentence to be imposed upon the defendant is within the sole discretion of the Court. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive, and will not recommend any specific sentence to the Court. However, this Office will inform the Probation Office and the Court of (a) this Agreement; (b) the nature and extent of the defendant's activities with respect to this case and all other activities of the defendant which this Office deems relevant to sentencing; and (c) the nature and extent of the defendant's cooperation with this Office. In so doing, this Office may use any information it

deems relevant, including information provided by the defendant both prior to and subsequent to the signing of this Agreement. In addition, if this Office determines that the defendant has provided substantial assistance in an investigation or prosecution, and if he has fully complied with the understandings specified in this Agreement, this Office will file a motion, pursuant to Section 5K1.1 of the Sentencing Guidelines, requesting the Court to sentence the defendant in light of the factors set forth in Section 5K1.1(a)(1)-(5). It is understood that, even if such a motion is filed, the sentence to be imposed on the defendant remains within the sole discretion of the Court. Moreover, nothing in this Agreement limits this Office's right to present any facts and make any arguments relevant to sentencing to the Probation Office and the Court, or to take any position on post-sentencing motions. The defendant hereby consents to such adjournments of his sentence as may be requested by this Office.

It is understood that, should this Office determine either that the defendant has not provided substantial assistance in an investigation or prosecution, or that the defendant has violated any provision of this Agreement, such a determination will release this Office from any obligation to file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines, but will not entitle the defendant to withdraw his guilty plea once it has been entered.

It is understood that, should this Office determine, subsequent to the filing of a motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. §3553(e), that the defendant has violated any provision of this Agreement, this Office shall have the right to withdraw such motion.

It is understood that, should the defendant commit any further crimes or should it be determined that he has given false, incomplete, or misleading testimony or information, or should he otherwise violate any provision of this Agreement, the defendant shall thereafter be subject to prosecution for any federal criminal violation of which this Office has knowledge, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is understood that in the event that it is determined that the defendant has committed any further crimes, given false, incomplete, or misleading testimony or information, or otherwise violated any provision of this Agreement, (a) all statements made by the defendant to this Office or other designated law enforcement agents, and any testimony given by the defendant before a grand jury or other tribunal, whether prior to or subsequent to the signing of this Agreement, and any leads from such statements or testimony shall be admissible in evidence in any criminal proceeding brought against the defendant; and (b) the defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule that such statements or any leads therefrom should be suppressed. It is the intent of this Agreement to waive all rights in the foregoing respects.

2020.11.02

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, or impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his removal from the United States is presumptively mandatory and that, at a minimum, he is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, he recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if his naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that he has discussed the possible immigration consequences (including removal or denaturalization) of his guilty plea and conviction with defense counsel. The defendant affirms that he wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including his attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw his guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge his conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from his guilty plea and conviction.

This Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

AUDREY STRAUSS
United States Attorney

By: _____
Christopher J. DiMase
Assistant United States Attorney
(212) 637-2433

APPROVED:

_____
LAURA GROSSFIELD BIRGER
Chief, Criminal Division

AGREED AND CONSENTED TO:

_____      2/15/2021
James Patterson              DATE

APPROVED:

_____      2/16/2021
Emily Schulman, Esq.         DATE
Attorney for James Patterson